IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOSEPH RIPPEY,

    Petitioner,                        No. 2:11-cv-1307 EFB P

    vs.

EDMUND BROWN,

    Respondent.                  ORDER

_____/

    Petitioner is a state prisoner without counsel proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  He challenges his sentence on a 2009 judgment of conviction entered against him in the Shasta County Superior Court, pursuant to a guilty plea, on charges of transportation of methamphetamine, with enhancements for having suffered prior "strike" convictions and having served prior prison terms.  He seeks relief on the grounds that: (1) the trial court violated his right to due process in denying his motion to strike his prior conviction enhancements at sentencing; (2) his sentence constitutes cruel and unusual punishment; and (3) his trial counsel rendered ineffective assistance.  Upon careful consideration of the record and the applicable law, and for the reasons set forth below, petitioner's application

---

[1] The parties in this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

for habeas corpus relief must be denied.

## I. Factual Background[2]

> In August 2008, a Shasta County deputy sheriff stopped defendant's truck because defendant, three weeks discharged from parole, was not wearing a seat belt and the truck's license plate was obstructed. Defendant told the deputy that his driver's license had been suspended or revoked for over 14 years because of prior convictions for driving under the influence.
>
> During a search of the truck, the deputy found two "baggies" containing marijuana weighing 3.5 grams and 2.8 grams, respectively, and two "baggies" containing methamphetamine weighing 0.9 grams and 0.5 grams, respectively. The deputy also found 14 new baggies, an empty baggie with methamphetamine residue on it, three empty baggies that once contained marijuana, and $260 in cash.
>
> Defendant was arrested and charged with transportation of methamphetamine (Health & Saf.Code, § 11379, subd. (a)-count 1), possession of methamphetamine for sale (Health & Saf.Code, § 11378-count 2), possession of methamphetamine (Health & Saf.Code, § 11377, subd. (a)-count 3), driving with his license suspended for prior conviction for driving under the influence (Veh.Code, § 14601.2, subd. (a)-count 4), and failing to provide evidence of financial responsibility (Veh.Code, § 14601.2, subd. (a)-count 5).
>
> It was further alleged that defendant had two prior strike convictions: (1) a 1978 conviction for robbery (Pen.Code, § 211), and (2) a 1988 conviction for second degree robbery (Pen.Code, § 211). (Pen.Code, § 1170.12.) It was also alleged that defendant previously served prison terms on convictions for second degree robbery (Pen.Code, § 211), possession of a controlled substance (Health & Saf.Code, § 11377, subd. (a)), and failing to appear (Pen .Code, § 1320.5). (Pen.Code, § 667.5, subd. (b).)
>
> The court later amended the charging information to remove all references to the word "sale" in count 1. Defendant then pled guilty to count 1 as amended, admitted the two prior strike convictions, and admitted serving the three prior prison terms as alleged. The remaining charges were dismissed and defendant reserved the right to make a motion to dismiss either or both of his prior strike convictions pursuant to *People v. Romero* (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (*Romero*).

---

[2] In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary.

> Defendant also pled guilty to a misdemeanor charge of driving with a blood-alcohol level exceeding .08 percent in an unrelated case. (Case No. 08CT9462.)
>
> Defendant filed his *Romero* motion, which the trial court denied. Defendant was then sentenced to state prison for 25 years to life plus one year for each of his prior prison terms, for an aggregate term of 28 years to life. Defendant appeals his sentence.

*People v. Rippey*, No. C062515, 2010 WL 3180272, at *1 (Cal.App.3d Dist. Aug. 12, 2010) (Opinion).

## II.     Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (*citing Williams v. Taylor*, 529 U.S. 362, 405-06

3

(2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[3] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.___, ___, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility

---

[3] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

////

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.[4]  *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir. 2003).

## III. Petitioner's Claims

### A. Prior Conviction Enhancements

In his first ground for relief, petitioner claims that the trial court violated his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment when it denied his motion pursuant to *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996), to dismiss one or more of his prior felony "strike" convictions  in the furtherance of justice at the time of his sentencing. Dckt. No. 1 (Pet.) at 26-31.  Petitioner argues that the sentencing judge should have dismissed at least one of his prior convictions because his commitment offense was "minor," he had a longstanding addiction to drugs, the severity of his convictions had decreased over time, his prior convictions occurred many years ago, and he was 52 years of age at the time of sentencing.  *Id.* at 26-28.  Petitioner contends that the sentencing court improperly ignored his attempts to rehabilitate and his addiction to drugs.  *Id.* at 28-29.

The California Court of Appeal rejected these arguments, reasoning as follows:

> Defendant contends the trial court abused its discretion in denying his motion to strike one or both of the prior conviction enhancements. He argues the court improperly focused on his remote priors, ignored the nonviolent nature of the triggering offense, and failed to consider his advanced age and attempts to rehabilitate.
>
> Penal Code section 1385 gives the trial court the authority, on its own motion or upon application of the prosecution, "and in furtherance of justice," to order an action dismissed. (Pen.Code, § 1385, subd. (a).)  In *Romero*, the California Supreme Court held a trial court may utilize Penal Code section 1385 to strike or vacate a

---

[4]  The United States Supreme Court has recently granted certiorari in a case apparently to consider this issue. *See Williams v. Cavazos*, 646 F.3d 626, 639-41 (9th Cir. 2011), *cert. granted in part*, ___U.S.___, 132 S. Ct. 1088 (2012).

6

> prior strike for purposes of sentencing under the three strikes law, "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero*, at p. 504, 53 Cal.Rptr.2d 789, 917 P.2d 628.)  Likewise, a trial court's "failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)
>
> In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161, 69 Cal.Rptr.2d 917, 948 P.2d 429.)
>
> Dismissal of a strike is a departure from the sentencing norm. Therefore, in reviewing a *Romero* decision, we will not reverse for abuse of discretion unless the defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra*, 33 Cal.4th at p. 377.) Reversal is justified where the trial court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the trial court, aware of its discretion, "'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)
>
> In support of his claim that the trial court abused its discretion, defendant notes that his prior strikes were committed more than 20 and 30 years ago respectively, and he was 52 years old when he committed the current offense. He argues the trial court improperly focused on the aged priors and the numerous parole violations that followed, which he characterizes as "minor," and failed to give due weight to the decrease in recidivism for aging offenders.
>
> Defendant further argues the court should have given greater weight to the nonviolent nature of the triggering offense, which he contends, "represented a huge de-escalation of criminal behavior." He also believes the trial court failed to give "fair consideration" to his addiction.
>
> All of the foregoing was laid out to the trial court by defense counsel. In denying defendant's motion, the court explained: "I'm not going to strike the strikes. [Defendant] clearly falls within the spirit of the three strikes law.

7

> "Going back to his juvenile record back in 1973, grand theft of person which suggests to me he stole something from the person of another. Could have been close to a 211.
>
> "Had an assault causing great bodily injury as a juvenile, not to mention, the car theft and escape from [California Youth Authority (CYA) ].
>
> "Both of his strikes are, even though they're somewhat aged, involve serious felony conduct; 211, 245. And then in the second there's a 212.5[,] which I think is a first degree robbery. But even if not I think it was a second degree robbery still in 1988.
>
> "And in between all of this he's had nonstop criminal history including a variety of misdemeanors, some of which put the community at risk when a person is driving under the influence. Some of which involve possession of weapons, the firearm possession, multiple parole violations.
>
> "And in the last series even though in the last looks like four years or so has gone back on parole violations. So it's hard to tell how long he was actually out of custody. He picked up a 242, a hit and run. And then after this most recent offense for which he's about to be sentenced he picked up another DUI.
>
> "So he's clearly not someone who is outside the spirit of the three strikes law. I won't be striking those strikes."

It is obvious from the foregoing the trial court understood its discretion to grant the motion to strike but concluded this case does not warrant such extraordinary action. Defendant's criminality began in 1973 when he was committed to CYA for grand theft person. Paroled in 1974, defendant was returned to custody in 1975 for stealing a car and again for assault resulting in great bodily injury. He was returned a third time, after escaping from the CYA.

As an adult, defendant accumulated seven felony and 12 misdemeanor convictions in California prior to his arrest for the current conviction.[5] As a result of his convictions, defendant received sentences totaling more than 19 years, in addition to a sentence of six months to life, which he received in 1978. Furthermore, between April 1992 and April 2009, defendant violated his parole nine times.

---

[5] This does not include the numerous offenses for which defendant was convicted in other states: a conviction for driving under the influence in Washington in 1982; a conviction for theft in Arkansas in 1987; and a conviction for presenting false identification in Oregon in 1997.

8

> The three strikes law establishes sentencing norms and "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony, supra*, 33 Cal.4th at p. 378.) This presumption will only be rebutted in an "extraordinary case – where the relevant factors described in [*People v.] Williams, supra*, 17 Cal.4th 148, 69 Cal.Rptr.2d 917, 948 P.2d 429, manifestly support the striking of a prior conviction and no reasonable minds could differ." (*People v. Carmony, supra*, 33 Cal.4th at p. 378.) However, "[w]here the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)
>
> The record here demonstrates the trial court exercised its discretion and concluded this is not such an extraordinary case as to warrant dismissal of the strike. Under the facts and circumstances presented, we cannot say this conclusion is "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra*, 33 Cal.4th at p. 377.) We therefore find no abuse of discretion.

Opinion at **2-4.

Petitioner's federal habeas challenge to the trial court's denial of his *Romero* motion essentially involves an interpretation of state sentencing law. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Corcoran*, 131 S. Ct. at 16 (quoting *Estelle*, 502 U.S. at 67). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

The sentencing judge in this case declined to strike any of petitioner's prior convictions only after considering all of the relevant circumstances and applying the applicable law. As indicated by the California Court of Appeal, the sentencing judge's conclusion that petitioner did

9

not fall outside the spirit of California's Three Strikes Law was not unreasonable under the circumstances of this case. After a careful review of the sentencing proceedings, this court finds no federal constitutional violation in the state trial judge's exercise of his sentencing discretion.[6]

The California Court of Appeal carefully considered the entire record in rejecting petitioner's claims based on the trial judge's refusal to strike one or more of his prior convictions at the time of sentencing. Its decision with respect to the application of state sentencing law is not contrary to or an unreasonable application of federal law and does not justify the granting of federal habeas relief. Accordingly, petitioner is not entitled to relief on this claim.

**B.  Cruel and Unusual Punishment**

In his second ground for relief, petitioner claims that his sentence of 28 years to life constitutes cruel and unusual punishment. Pet. at 32-57.

The California Court of Appeal denied this claim, reasoning as follows:

> Defendant further contends his sentence of 28 years to life violated his federal constitutional guarantees against cruel and unusual punishment because the triggering offense was "minor," his prior strikes are remote in time, and his crimes have been decreasing in seriousness over the last 20 years. We are not persuaded.
>
> Under the proscription of "cruel and unusual punishment" in the Eighth Amendment to the United States Constitution (applicable to the states via the Fourteenth Amendment), a "'narrow proportionality principle . . . applies to noncapital sentences.'" (*Ewing v. California* (2003) 538 U.S. 11, 20 [155 L.Ed.2d 108, 117] (*Ewing*), quoting *Harmelin v. Michigan* (1991) 501 U.S. 957, 996-997 [115 L.Ed.2d 836, 865-866] (*Harmelin*).) This constitutional principle "forbids only extreme sentences that are 'grossly disproportionate' to the crime." (*Ewing, supra*, 538 U.S. at p. 23, 123 S.Ct. at p. ---- [155 L.Ed.2d at p. 119], quoting *Harmelin, supra*, 501 U.S. at p. 1001 [155 L.Ed.2d at p. 869].)

////

---

[6] If petitioner's sentence had been imposed under an invalid statute and/or was in excess of that actually permitted under state law, a federal due process violation would be presented. *See Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where the petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based). However, petitioner has not made a showing that such is the case here.

> Objective factors guiding the proportionality analysis include "(I) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for the commission of the same crime in other jurisdictions." (*Solem v. Helm* (1983) 463 U.S. 277, 292 [77 L.Ed.2d 637, 650].)  But only in the rare case where the first factor is satisfied does a reviewing court consider the other two factors. (*Harmelin, supra*, 501 U.S. at p. 1005, 111 S.Ct. at p. ---- [115 L.Ed.2d at pp. 871-872] (conc. opn. of Kennedy, J.).)
>
> The United States Supreme Court rejected an Eighth Amendment challenge to a 25-years-to-life three strikes sentence in *Ewing, supra*, 538 U.S. 11 [155 L.Ed.2d 108], noting that recidivism has traditionally been recognized as a proper ground for increased punishment. (*Id.* at p. 25 [538 U.S. at p. ----, 123 S.Ct. at p. ----155 L.Ed.2d at p. 120].)  Given the defendant's long criminal history, the court held that the defendant's punishment was not disproportionate despite the relatively minor character of his current felony. (*Id.* at p. 29 [538 U.S. at p. ----, 123 S.Ct. at p. ----155 L.Ed.2d at p. 122].)
>
> Here, as we have explained in part I, ante, defendant's criminality was prolonged and consistent.  His punishment was not grossly disproportionate in light of that record. (*See People v. Poslof* (2005) 126 Cal.App.4th 92, 109, 24 Cal.Rptr.3d 262; *People v. Meeks* (2004) 123 Cal.App.4th 695, 706-710, 20 Cal.Rptr.3d 445 (maj. opn. of Hull, J.).)[7]

Pet. at *4.

The United States Supreme Court has held that the Eighth Amendment includes a "narrow proportionality principle" that applies to terms of imprisonment. *See Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring). *See also Taylor v. Lewis*, 460 F.3d 1093, 1097 (9th Cir. 2006).  However, successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). *See also Ramirez v. Castro*, 365 F.3d 755, 775 (9th Cir. 2004).  "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501

---

[7] The recent amendments to Penal Code section 4019 do not operate to modify defendant's entitlement to credit, as he has prior convictions for serious or violent felonies. (Pen.Code, § 4019, subds. (b) & (c); Stats.2009, 3d Ex.Sess., ch. 28, § 50.)

11

U.S. at 1001 (Kennedy, J., concurring) (citing *Solem v. Helm*). In *Lockyer v. Andrade*, the United States Supreme Court held that it was not an unreasonable application of clearly established federal law for the California Court of Appeal to affirm a "Three Strikes" sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior conviction involving theft of $150.00 worth of videotapes. *Andrade*, 538 U.S. at 75. In *Ewing v. California*, 538 U.S. 11, 29 (2003), the Supreme Court held that a "Three Strikes" sentence of 25 years-to-life in prison imposed on a grand theft conviction involving the theft of three golf clubs from a pro shop was not grossly disproportionate and did not violate the Eighth Amendment. And in *Crosby v. Schwartz*, 678 F.3d 784, 791-92 (9th Cir. 2012), the United States Court of Appeals for the Ninth Circuit held that a sentence of 26 years to life under California's Three Strikes Law for defendant's failure to annually update his registration as a sex offender and failure to register within five days of a change of address did not constitute cruel and unusual punishment, in violation of the Eighth Amendment.

In assessing the compliance of a non-capital sentence with the proportionality principle, a reviewing court must consider "objective factors" to the extent possible. *Solem*, 463 U.S. at 290. Foremost among these factors are the severity of the penalty imposed and the gravity of the offense. "Comparisons among offenses can be made in light of, among other things, the harm caused or threatened to the victim or society, the culpability of the offender, and the absolute magnitude of the crime." *Taylor*, 460 F.3d at 1098.[8]

---

[8] As noted in *Taylor*, the United States Supreme Court has also suggested that reviewing courts compare the sentences imposed on other criminals in the same jurisdiction, and also compare the sentences imposed for commission of the same crime in other jurisdictions. 460 F.3d at 1098 n.7. However,

> consideration of comparative factors may be unnecessary; the *Solem* Court "did not announce a rigid three-part test." *See Harmelin*, 501 U.S. at 1004, 111 S.Ct. 2680 (Kennedy, J., concurring). Rather, "intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at 1004-05, 111 S.Ct. 2680; see also *Rummel v. Estelle*,

This court finds that petitioner's sentence does not fall within the type of "exceedingly rare" circumstances that would support a finding that his sentence violates the Eighth Amendment. Petitioner's sentence is certainly a significant penalty. However, petitioner pled guilty to transportation of methamphetamine, and he has a very significant criminal background which includes crimes of violence. In *Harmelin*, the petitioner received a sentence of life without the possibility of parole for possessing 672 grams of cocaine. In light of the *Harmelin* decision, as well as the decisions in *Andrade* and *Ewing*, which imposed sentences of twenty-five years to life for petty theft convictions, and *Crosby*, which imposed a sentence of twenty-six years to life for failing to register as a sex offender, the sentence imposed on petitioner is not grossly disproportionate. Because petitioner does not raise an inference of gross disproportionality, this court need not compare petitioner's sentence to the sentences of other defendants in other jurisdictions. This is not a case where "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Solem*, 463 U.S. at 1004-05. The state courts' rejection of petitioner's Eighth Amendment claim was not an unreasonable application of the Supreme Court's proportionality standard. Accordingly, this claim for relief should be denied.

### C. Ineffective Assistance of Counsel

In his third claim for relief, petitioner argues that in the event the Court of Appeal deemed his Eighth Amendment argument forfeited based on his trial counsel's failure to object to his sentence as being cruel and unusual, that this court should excuse the default on the grounds that his counsel rendered ineffective assistance in failing to object. Pet. at 58-64. The respondent did not argue in state court that petitioner's Eighth Amendment claim was waived by

---

445 U.S. 263, 282, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) ("Absent a constitutionally imposed uniformity inimical to traditional notions of federalism, some State will always bear the distinction of treating particular offenders more severely than any other State.").

*Id.*

counsel's failure to object in the trial court, and the Court of Appeal did not reject the claim on that basis. Accordingly, petitioner's claim of ineffective assistance lacks a factual basis and is denied.

## IV. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied;

2. The court declines to issue a certificate of appealability; and

3. The Clerk is directed to close the case.

DATED: September 12, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE